**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2477
_____

8 ERIE ST JC LLC,

Appellant

v.

CITY OF JERSEY CITY;
JERSEY CITY COUNCIL;
JERSEY CITY PLANNING BOARD;
JERSEY CITY REDEVELOPMENT AGENCY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:19-cv-09351)
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 9, 2025

Before: CHAGARES, *Chief Judge*, PORTER, and ROTH, *Circuit Judges.*

(Filed: December 11, 2025)

_____

OPINION*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PORTER, *Circuit Judge*.

The City of Jersey City enacted a set of ordinances limiting the types of businesses that can lease space in certain redevelopment areas. 8 Erie St. JC, LLC ("8 Erie Street"), a redeveloper who owned property in one of those areas, sued the city and related municipal defendants, alleging that the ordinances prevented it from leasing property to a chain restaurant. The District Court dismissed the suit after it found that 8 Erie Street did not allege an injury-in-fact. We will affirm.

## I

The city enacted a set of ordinances in May 2015 that prohibited "formula businesses" (i.e., chain restaurants) from operating in certain areas marked for redevelopment. From 2015 until August 2019, 8 Erie Street leased its property in one of those areas to a non-formula restaurant called Talde.

In early 2019, a chain restaurant called Bareburger approached 8 Erie Street and expressed interest in leasing the property occupied by Talde. In March, 8 Erie Street sent a letter to the city demanding that it repeal the ordinances; the letter did not mention any details of either Talde's lease or Bareburger's interest in the property. The next month, 8 Erie Street sued the city and related municipal defendants, challenging the ordinances. The city repealed the ordinances in May.

Two months after the city repealed the ordinances, Bareburger sent 8 Erie Street a letter expressing an interest in leasing the property. Bareburger negotiated with 8 Erie Street for a few months, through October, until 8 Erie Street ended the negotiations and said that it intended to lease the property to another restaurant.

The District Court dismissed 8 Erie Street's facial challenges to the ordinances. It held that the challenges were barred by the two-year statute of limitations because almost four years had elapsed since the city passed the ordinances. 8 Erie Street filed amended complaints, and the defendants moved for summary judgment. The defendants did not frame their argument as a challenge to standing, but the District Court construed it that way, granted summary judgment, and held that 8 Erie Street failed to show an injury-in-fact. 8 Erie Street timely appealed.

## II[1]

### A

Article III of the Constitution limits our judicial power to resolving "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1. We apply the doctrine of standing to identify which cases and controversies are justiciable. *See Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). Issues of standing can be raised at any time, either by a party or sua sponte by the court. *See Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017). Standing "can never be waived, even when parties fail to raise [it]." *Potter v. Cozen & O'Connor*, 46 F.4th 148, 156 (3d Cir. 2022).

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's grant of summary judgment is plenary, applying the same standard as the district court. *Qin v. Vertex, Inc.*, 100 F.4th 458, 469 (3d Cir. 2024). "Under that standard, summary judgment is appropriate only if, construed in the light most favorable to the non-moving party, the record shows that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law." *Id*. We may affirm the district court on any grounds supported in the record. *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).

To determine standing, we ask three conjunctive questions: (i) whether the plaintiff suffered an injury-in-fact that is "concrete and particularized" and "actual or imminent," not conjectural or hypothetical; (ii) whether the injury is fairly traceable to the actions of the defendant; and (iii) whether the injury is "likely" to be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

1

Here, 8 Erie Street lacks standing because it failed to establish an injury-in-fact that is concrete and particularized.

8 Erie Street argues that it suffered injury because the ordinances blocked it from leasing the property to Bareburger in February 2019, causing 16 months of lost rental income. But the record shows—even when viewed in a light most favorable to 8 Erie Street—that Bareburger did not express a detailed or specific plan to lease the property until July 2019, two months *after* the city repealed the ordinances.[2] Even if Bareburger were interested in the property in early 2019, intentions do not establish actual injury for purposes of standing. *Id.* at 564. Bareburger's mere interest in the property before the city repealed the ordinances did not give rise to the type of concrete injury necessary to convey standing.[3]

---

[2] Bareburger's letters of intent to 8 Erie Street, dated July 2019, recognized that the "space was currently occupied by Talde," 8 Erie Street's tenant. App. 472–77; *see also id.* at 773 n.1 (8 Erie Street stating that it could not locate any other letters of intent). Bareburger ultimately could not secure financing and 8 Erie Street leased the property to another restaurant.

[3] To the extent that 8 Erie Street argues that the ordinances obstructed it from using the property and diminished the value of the lot, this too is not supported by the record. Talde occupied the property until *after* the ordinances were repealed. 8 Erie Street eventually

Similarly, 8 Erie Street's claim that it lost 16 months in rental income is not supported by the record and neither concrete nor particularized. Talde occupied the property for as long as the ordinances were in effect. Then two months after the ordinances were repealed, 8 Erie Street informed Bareburger that it leased the property to another restaurant. 8 Erie Street argues that "Talde [would have been] willing and able to vacate the space earlier" than August 2019, 8 Erie Street and Bareburger would have quickly negotiated and drafted a lease, and Bareburger would have started paying rent. Reply Br. 8–9. These arguments are no more than speculation. *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016) ("Plaintiffs do not allege an injury-in-fact when they rely on a 'chain of contingencies' or 'mere speculation.'").

2

8 Erie Street contends that the District Court should have provided notice and an opportunity to brief the standing issue before dismissing the case. Not so. From the start, 8 Erie Street had the burden of establishing the concrete and particularized injury-in-fact necessary to create standing. *Lujan*, 504 U.S. at 560. Moreover, although the defendants did not expressly raise standing, they did argue that 8 Erie Street suffered no damages caused by either the defendants or the ordinances. Thus, 8 Erie Street had notice and an opportunity to oppose that argument, which called into question 8 Erie Street's alleged injury-in-fact.

B

---

negotiated a deal with another restaurant that paid more for rent than Bareburger would pay, assuming it could have secured financing.

8 Erie Street also argues that the District Court erroneously dismissed its facial challenge to the ordinances because the statute of limitations accrued on the date that the city passed the ordinances. Rather, citing *Corner Post, Inc. v. Board of Governors of the Federal Reserve System*, 8 Erie Street argues that the limitations period began to run on the date that it allegedly suffered an injury traceable to the ordinances. 603 U.S. 799, 804 (2024) (holding that the limitations period for Administrative Procedure Act suits against the United States begins to run when the plaintiff is injured by final agency action).

This Court has not yet applied the *Corner Post* facial-challenge-accrual-on-injury rule outside the context of the Administrative Procedure Act and suits against the United States. And because the District Court rightly found that 8 Erie Street lacks standing to sue the defendants, we need not resolve the accrual issue to decide this appeal.

\* \* \*

We will affirm the District Court's order granting summary judgment.